FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 17, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VICKIE K., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:20-cv-00347-SMJ <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 19, 23. Attorney Daniel Jones represents Vickie K. (Plaintiff); Special Assistant United States Attorney Danielle Mroczek represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court grants in part Plaintiff's Motion for Summary Judgment,

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 1

denies Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on March 15, 2018 alleging disability since August 25, 2016, due to Meniere's disease, major depression, hypertension, panic attacks, and headaches. Tr. 95-96. The application was denied initially and upon reconsideration. Tr. 117-23, 125-30. An Administrative Law Judge (ALJ) held a hearing on August 27, 2019, Tr. 38-70, and issued an unfavorable decision on October 17, 2019. Tr. 15-31. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on July 27, 2020. Tr. 1-5. The ALJ's October 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 28, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1960 and was 56 years old as of her alleged onset date. Tr. 95. She has a GED and attended cosmetology school, though she did not complete her training due to anxiety. Tr. 383. She was in an abusive relationship when she was young and has struggled with anxiety and PTSD symptoms due to her ex-husband's abuse. Tr. 371, 708. She worked for many years as a janitor alongside

her second husband. Tr. 383. She stopped working due to her mental health. Tr. 46, 484, 655. She has reported symptoms of OCD ritualistic behaviors, panic attacks, and agoraphobia that keep her largely homebound.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230

(9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

//

//

## ADMINISTRATIVE FINDINGS

On October 17, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-31.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date last insured of December 31, 2018. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder, obsessive compulsive disorder (OCD), panic disorder, and posttraumatic stress disorder (PTSD). *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-20

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at all exertional levels, with the following non-exertional limitations:

> The claimant could carry out simple routine tasks in two-hour increments with usual and customary breaks. She could work superficially and occasionally with the general public (where "superficially" means that working with the public would not be the focus of the job). She could work in the same room with coworkers but not in coordination with them. The claimant's work duties could not involve the claimant having to drive to different sites after reporting for the day to a worksite; however, she could travel to different sites if transportation were provided by a third person.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 5

Tr. 20-21.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a commercial or institutional cleaner. Tr. 29.

Alternatively, at step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of bagger, industrial cleaner, and page. Tr. 30-31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date last insured. Tr. 31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) failing to properly evaluate the medical opinion evidence; (2) failing to properly evaluate Plaintiff's testimony; and (3) formulating a flawed RFC.

//

# DISCUSSION

## 1. Medical Opinions

Plaintiff argues the ALJ improperly evaluated opinions from Drs. Wertz and Mahler and gave undue weight to the state agency non-examining doctors. ECF No. 19 at 3-9.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in

determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

a.   Dr. Wertz

Plaintiff's treating doctor, Dr. Albert Wertz, completed a medical source statement regarding Plaintiff's condition in January 2018. Tr. 451-55. He noted diagnoses of major depressive disorder, OCD, panic disorder with agoraphobia, and

PTSD. Tr. 451. He opined that Plaintiff's conditions caused a marked impairment in almost all areas of work-related functions and that she would be likely to miss more than three days of work per month. Tr. 454-55.

The ALJ found this opinion to be unpersuasive, finding it to be out of proportion to Dr. Wertz's exam findings and containing descriptions of behavior that did not appear in his contemporaneous treatment notes. Tr. 27. The ALJ concluded Dr. Wertz appeared to have relied on Plaintiff's self-reports of behaviors. Tr. 27-28.

Plaintiff argues the ALJ's conclusion is contradicted by the record, given the objective findings on exam and the explanations offered by Dr. Wertz. ECF No. 19 at 4-5. She further argues that the opinion is consistent with treatment records showing depression, anxiety, abnormal affect, and various other signs and symptoms, which are the gold standard of psychological evidence. *Id.* at 5-6. Defendant argues the ALJ reasonably interpreted the medical evidence and explanations presented, and reasonably concluded the opinion was based on Plaintiff's reports, which were inconsistent with the evidence as a whole. ECF No. 23 at 9-10.

The Court finds the ALJ's discussion was insufficient. While the ALJ discussed the supportability factor in referencing Dr. Wertz's exam findings and explanation, she failed to comply with the new regulations when she did not offer any specific discussion of the consistency factor. On remand, the ALJ will reconsider

Dr. Wertz's opinion, specifically articulating how she considered the factors of supportability and consistency in determining the persuasiveness of the opinion.

b.   **Dr. Mahler**

Plaintiff's treating doctor, John Mahler, completed a medical source statement in July 2019, commenting on Plaintiff's conditions and limitations. Tr. 547-51. He noted Plaintiff's diagnoses included PTSD, panic disorder with agoraphobia, OCD, and major depressive disorder, with her most severe symptoms including anxiety, depressed mood, obsessions and compulsions. Tr. 547-49. He opined she had moderate-to-marked or marked limitations in almost every area of work-related functioning, and predicted she would likely be absent from work more than three times per month were she to work. Tr. 550-51.

The ALJ found this opinion to be unpersuasive, finding it was not fully supported by Dr. Mahler's own treatment records, that Dr. Mahler provided cursory explanations, and that he appeared to have relied on Plaintiff's self-reports. Tr. 28. The ALJ further found Dr. Mahler's opinion was not consistent with the record as a whole, noting his opinion that Plaintiff seemed sad and never smiled was inconsistent with other providers' observations of Plaintiff being able to joke appropriately or relating some enjoyable experiences. *Id.* The ALJ also discounted Dr. Mahler's opinion based on evidence that Plaintiff was not taking the indicated

amount of her medication until well after the date last insured, and thus was not receiving the benefit of the prescribed dosage. *Id.*

Plaintiff makes the same arguments regarding Dr. Mahler as she did regarding Dr. Wertz, additionally noting that the comments about medication dosage ignored Plaintiff's medication phobia, and arguing that the ALJ did not find Plaintiff's noncompliance to be material to her disability or otherwise explain how the dosage was relevant to the treating source opinion. ECF No. 19 at 4-7. Defendant argues the ALJ reasonably considered the consistency and supportability of Dr. Mahler's opinion and reasonably considered the discrepancy in medication dosage evidence to undermine the reliability of Dr. Mahler's opinion. ECF No. 23 at 9-11.

The Court finds the ALJ erred. While she discussed both the supportability and consistency factors, her discussion is not supported by substantial evidence. In support of her conclusion that Dr. Mahler's records did not provide full support for his opinion the ALJ noted the mental status findings were relatively benign but failed to explain why the findings were insufficient to support his opinion. Dr. Mahler's records contain notes of depressed and anxious mood; anxious, restricted and dysphoric affect; ongoing worry, panic, obsessive thoughts and compulsions; and lack of energy and motivation. Tr. 700, 708-09, 718-19. While the records contain some normal findings, it is not clear that the findings that were abnormal were insufficient to support Dr. Mahler's opinion.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 11

With respect to the explanation offered, the ALJ found Dr. Mahler provided cursory explanations that were not consistent with the observations from the visits in 2018. Tr. 28. However, Dr. Mahler completed his opinion in July 2019, and the records in the preceding months included notes of anxious, dysphoric, stressed, or restricted affect; anxious or depressed mood; ongoing obsessive thoughts and rituals; and reports of panic attacks and lack of motivation, consistent with his explanation in the opinion. Tr. 728, 733, 742, 751, 769-70, 775, 779. Doctor Mahler's treatment notes from the day he completed the opinion form include additional explanation for his opinion, including his statement that Plaintiff "has severe anxiety in many settings, and this prevents her from focusing on tasks that need completing, from processing and remembering instruction to follow and from tolerating social interactions necessary in most jobs." Tr. 780. Therefore, the Court finds the ALJ's analysis is not supported by substantial evidence.

The ALJ additionally discounted Dr. Mahler's opinion because it indicated Plaintiff was on 40mg of Citalopram, but she had not reached this dose until well after the date last insured. Tr. 28. The Court finds this is not relevant to the persuasiveness of Dr. Mahler's opinion. With this increased dose by mid-2019, Dr. Mahler still felt Plaintiff's condition was disabling. It is illogical for the ALJ to imply that the opinion was less persuasive as of the date last insured because Plaintiff was

not receiving the full benefit of medication; this presumably would have meant her conditions were *more* limiting prior to the increased dosing.[2]

Finally, the ALJ found Dr. Mahler's opinion was not generally consistent with the record as a whole, citing as an example that Dr. Mahler indicated Plaintiff seemed sad and never smiled, but other providers had observed her to joke and she had related some enjoyable experiences. Tr. 28. The Court finds this explanation does not constitute substantial evidence, as the ALJ noted only three incidents in the record where Plaintiff was noted to have "joked appropriately" with Dr. Wertz, Tr. 23 (citing Tr. 603, 659, 668), the most recent of which was in July 2018. While ALJs must rely on examples to support their findings, the data points they choose must constitute examples of a broader development. *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014). The fact that a person suffering from depression makes some improvement "does not mean that the person's impairment[ ] no longer seriously affect[s] [his] ability to function in a workplace." *Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001). The Court finds the few notations of Plaintiff relaying positive experiences is not representative of the record as a whole, given her more

---

[2] If the ALJ felt Plaintiff's failure to comply with prescribed medication was material to a finding of disability, then there were additional findings that she was required to make. Social Security Ruling 18-3p.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 13

consistent reports of depression, obsessive thoughts, and panic attacks, as discussed above.

The ALJ's discussion of Dr. Mahler's opinion is not supported by substantial evidence. On remand, the ALJ will reconsider the opinion.

c.  **State Agency Doctors**

Plaintiff argues the ALJ gave undue weight to the state agency non-examining doctors, noting they reviewed the file before it contained the treating opinion evidence, and asserting the ALJ failed to give sufficient reasons for favoring these opinions. ECF No. 19 at 9.

As this claim is being remanded for further consideration of the other opinions, the ALJ shall also reconsider the persuasiveness of the state agency opinions along with the other medical evidence and opinions.

**2.    Plaintiff's Subjective Allegations**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 19 at 9-15.

It is the province of the ALJ to assess the claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment

merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff's allegations were not supported by the objective mental status exam findings and were undermined by inconsistent reports of symptoms, evidence of improvement with treatment, Plaintiff's noncompliance with treatment and failure to seek treatment at times, inconsistent statements, and her activities. Tr. 22-26.

Here, the Court finds that the ALJ did not err. The ALJ specifically discussed several of Plaintiff's activities that were inconsistent with her allegations and identified multiple inconsistent statements by Plaintiff. Furthermore, the ALJ noted

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 15

Plaintiff's history of noncompliance with recommended treatment, as well as lack of treatment for Plaintiff's alleged symptoms. Though the ALJ clarified that Plaintiff ultimately corrected her misstatements, the Court agrees with the ALJ that Plaintiff's inconsistent statements, in addition to the other contradictory evidence described above, erode the reliability of her reports. In totality, the ALJ's discussion constitutes specific, clear and convicting reasons for rejecting Plaintiff's testimony.

3.   **RFC**

Plaintiff argues the ALJ erred in formulating an RFC that does not account for her limitations with respect to concentration, persistence, and pace. ECF No. 19 at 15-18. Because this claim is being remanded for further consideration of the medical evidence, the ALJ shall also reconsider the RFC and whether any additional limitations are warranted.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. ECF No. 19 at 18. Under Ninth Circuit law, the Court had the discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The commentary accompanying the 2017 revisions to the rules for assessing medical opinions made clear that "it is never appropriate under our rules to 'credit-as-true' any medical opinion" and specifically mentioned that the Ninth Circuit rules were not being adopted in the new regulations.

*Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, Fed Reg. Vol 82, No. 11 5858-60 (Jan 18, 2017). The Court therefore finds that remand for further proceedings is the appropriate remedy here.

The ALJ's decision with respect to the medical opinion evidence is not supported by substantial evidence, though he did not err in his decision with respect to Plaintiff's subjective statements. On remand, the ALJ shall reevaluate the record consistent with this Order.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 23**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 17th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge